IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>    Movant,<br><br>  v.<br><br>CURENTON CONCRETE WORKS, INC.<br>    Respondent. | 5:14-CV-711-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>    Movant,<br><br>  v.<br><br>EAST CAROLINA MASONRY, INC.,<br>    Respondent. | 5:14-CV-712-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>    Movant,<br><br>  v.<br><br>GOURIS INC.,<br>    Respondent. | 5:14-CV-713-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>    Movant,<br><br>  v.<br><br>HAMLIN ROOFING COMPANY, INC.,<br>    Respondent. | 5:14-CV-714-BR |

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>RANDOLPH STAIR AND RAIL COMPANY<br>Respondent. | 5:14-CV-715-BR |

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>WATERPROOFING SPECIALTIES, INC.,<br>Respondent. | 5:14-CV-731-BR |

ORDER

This matter is before the court on Weaver Cooke Construction, LLC's ("Weaver Cooke") motions for leave to appeal interlocutory orders of United States Bankruptcy Judge Stephani W. Humrickhouse. Respondents have filed responses to each motion.

The underlying bankruptcy case involves a dispute between more than twenty parties arising out of a real estate development project in New Bern, North Carolina. Case No. 09-10340-8-SWH; Adversary Proceeding No. 10-00023-8-SWH. Weaver Cooke served as the project's general contractor and subcontracted with each respondent. In each motion, Weaver Cooke seeks leave to appeal the bankruptcy court's orders granting summary judgment to respondents on Weaver Cooke's contractual indemnity claims.

Weaver Cooke previously filed a motion for leave to appeal the bankruptcy court's order granting summary judgment to Stock Building Supply, LLC on Weaver Cooke's contractual

2

indemnity claim. Case No. 5:14-cv-537, DE # 1. On 16 October 2014, this court denied that motion for failing to meet the interlocutory appeal standard as prescribed by 28 U.S.C. §§ 158(c) and 1292(b). Id., DE # 11. Specifically, this court ruled that "[w]hether the bankruptcy court erred in its interpretation of the revised indemnity clause is not a controlling question of law." Id. at 8. Additionally, this court found that "Weaver Cooke present[ed] no evidence of disagreement among courts about whether [North Carolina General Statute § 22B-1] prohibits contract clauses that indemnify promisees for their own negligence." Id. at 7. Therefore, this court concluded that the contractual indemnity issue was not appropriate for interlocutory appeal.

In the instant motions, Weaver Cooke seeks leave to appeal the exact issue that this court addressed in its 16 October 2014 order.[1] In doing so, Weaver Cooke relies on the same unavailing arguments it proffered in its prior motion. Because Weaver Cooke has put forward no new argument as to why this court should "invoke the extraordinary remedy of early appellate review," its motions are DENIED. Maxtena, Inc. v. Marks, No. DKC 11-0945, 2014 WL 4384551, at *6 (D. Md. Sept. 2, 2014). In so denying the motions, this court adopts its reasoning as set forth in its 16 October 2014 order.

This 17 November 2014.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] In each summary judgment order addressing Weaver Cooke's contractual indemnity claims, the bankruptcy court interpreted the same indemnity clause which was included in every contract between Weaver Cooke and the subcontractor-respondents.

3

Case 5:14-cv-00713-BR   Document 8   Filed 11/17/14   Page 3 of 3